ANDREW J. NELSON
Assistant Federal Defender
MICHAEL DONAHOE
Senior Litigator
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, MT 59802
Phone: (406) 721-6749
Fax:   (406) 721-7751
Email: andy_nelson@fd.org
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JORDAN LINN GRAHAM,<br>Defendant. | CR 13-37-M-DWM<br><br>**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO CONTINUE TRIAL** |

## I. INTRODUCTION

The government has filed a motion to continue trial (Doc. #66) along with a supporting attachment designated as Attachment A (Doc. #69). Attachment A has been filed under seal. This is defendant's response to that motion. For the following reasons the motion should be denied.

# II. ARGUMENTS

(A) *The Government's Motion to Continue the Trial Lacks the Requisite Specificity and in Violation of our Local Rules is Not Supported by a Brief.*

Motions are governed by both the Federal Rules of Criminal Procedure, *see* Rules 12 and 47; as well as by our local rules, *see* CR 47.2. Subpart (b) of the latter rule expressly provides:

> **(b)** Failure to file briefs within the prescribed time may subject any motion to summary ruling and may be deemed an admission that the non-filing party's position lacks merit.

Here the government failed to file a brief in support of its motion to continue. Therefore under Local Rule 47.2 the Court is at liberty to deem that failure an admission on the government's part that its request lacks merit. The Court should exercise that option here because in any case the argument made by the government in the motion itself lacks the requisite specificity under Rule 47(b) Fed. R. Crim. P. and 18 U.S.C. §3161(h)(7)(A)-(C), which is our next argument.

(B) *The Government's Request for More Time Fails Under the Requirements Imposed by Rule 47(b) and 18 U.S.C. §3161(h)(7)(A)-(C).*

Under Rule 47(b) a motion "must state the grounds on which it is based." Here the government's papers fail this requirement inasmuch as the motion wholly ignores the relevant content for a government motion to continue, which is clearly set forth in 18 U.S.C. §3161(7)(A)-(C). In order to continue a trial on the government's

motion there must be an adequate showing regarding the following factors, among others:

(1) Would failure to continue render progress in the case impossible or result in a miscarriage of justice?

(2) Does the case reflect a complexity and/or novelty such that preparation for the pretrial matters or the trial itself cannot be accomplished in normal time limits?

(3) Whether in a case where arrest precedes indictment (which is the case here) there is an expectation of extended grand jury proceeding either due to timing or complexity.

(4) Whether the continuance impacts either the defendant's or the government's representation by counsel or would deny a party reasonable time to prepare taking account of the party's due diligence.

(5) And finally that 18 U.S.C. §3161(h)(7)(C) specifically provides that no continuance can be granted to the government for lack of diligent preparation or failure to obtain available witnesses.

18 U.S.C. §3161(h)(7)(A)-(C)

The government fails to make an adequate showing on any of the statutorily required factors, instead making the unsupported assertion that "the public interest is best served" by continuing the trial date. See Motion to Continue, page 4.

(C) *The government has not been diligent and should not be rewarded now by a continuance of the trial date.*

At the pretrial conference held in open court on October 15, 2013, the government knew about the DNA testing it now identifies as justification for continuing the trial. As the government acknowledges, however, the "significance"

of the cloth was recognized during preparations for the grand jury in early October. Still, the government said nothing about DNA testing or the cloth at the pretrial conference on October 15th.

The government notes in support of its request for continuance that defense counsel "reiterated" that timely disclosure of scientific evidence was of paramount importance in setting the trial date. So let's look at that entire relevant exchange from the pretrial conference:

> *Mr. Nelson*: . . . What I want to emphasize to the Court in light of your decisions this morning, Judge, is that in terms of discovery deadlines, I think from the defense perspective **the most important evidence that we can receive that would affect the timing of this case and the trial would be scientific evidence, expert-based testimony, those kinds of things. That's really where our concern lies, not so much with the listed 25 people from the church that know these people, but the hard science, expert-based testimony that would require us to analyze, possibly notice up some sort of defense based on that evidence.** I think you understand this, Judge, but we want to articulate that position.
>
> . . . .
>
> *Mr. Baucus:* . . . As to more scientific experts and reports, we will obviously endeavor to – **we will produce them before the discovery deadline, and we'll work with defense counsel, for lack of a better term, to give them a heads-up such that we can meet the deadlines set by the Court.**
>
> Transcript of Scheduling Conference dated October 15, 2013 at page 22 ln. 25 through page 23, lns. 1-23 (Emphasis added)

The government orally disclosed its new theory regarding the cloth and the need for DNA testing to the defense on Friday October 25th, 2013 in a late afternoon

phone call. Oral notice –basically announcing that the government thinks the cloth is a blindfold and that DNA testing is being performed at a distant location – six days before the discovery deadline is not a discovery disclosure. Announcing on November 5, 2013 that DNA testing will not be complete for another 30 to 40 days is not a discovery disclosure. To date, the government has not made a single expert disclosure. Obviously the defense has not received any expert reports regarding DNA testing of the cloth.

Despite contemplating a new theory of guilt and sending the cloth to The FBI lab at Quantico for DNA testing in early October, the government failed to disclose any facts relating to the cloth or DNA testing at the pretrial conference. The only inference that makes sense is that the government hoped the defense would move for a continuance by the motions deadline. A hope that was inspired by the disorderly and fragmented disclosure of the discovery the government did provide; and by the 11th hour notice of the cloth/DNA issue. When the defense did not rise to the bait and move for a continuance, the government had no choice but to seek the continuance itself.

The government has not been diligent. The cloth was recovered at the scene in mid-July. Ms. Graham was charged by complaint in mid-September and then indicted by the grand jury in early October. The government attended the pretrial conference on October 15th knowing that the cloth was being analyzed for DNA. The

government chose not to disclose potential DNA issues at the pretrial conference despite every opportunity to do so.

This Court has broad discretion to fashion remedies for the violation of discovery orders and to effectuate the speedy and orderly administration of justice. See, e.g., *United States v. Baker*, 10 F.3d 1374, 1398 (9th Cir. 1993); *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc). Denying the government's request for a continuance of the trial date for the reasons cited above would be an appropriate exercise of that discretion.

(D) *The government's motion discusses irrelevant matters and wrongly urges that defendant has waived speedy trial.*

The government's motion quotes and discusses matters that are at this point irrelevant. For example, although the defense voiced concern at the Preliminary Pretrial Conference that pretrial matters could be extended the Court remained unimpressed and set a fairly tight schedule. A schedule, we hasten to add, that both parties acquiesced to at the October 15th scheduling hearing. In addition the Court has entered an Order shortening time for response briefs (Doc. #81) so it does not appear that the pretrial phase of the case is a cause for concern. And insofar as the government's allegation that the defendant has waived speedy trial is concerned (Government's Brief at page 4) that waiver was only at the ready during the Preliminary Pretrial Conference in the event the Court decided to set a longer schedule for trial (*i.e.* the February, 2014 date the parties discussed on their own

before the Preliminary Pretrial Conference). But since the Court rejected the parties' suggestion for a February 2014 trial date defendant has not in fact waived any of her speedy trial rights. Therefore any suggestion by the government to the contrary ought to be rejected.

### III.  CONCLUSION

WHEREFORE, the government's motion to continue the trial should be denied.

DATED November 13, 2013.

                                                        /s/ Michael Donahoe
                                                        MICHAEL DONAHOE
                                                        Senior Litigator

## IV. CERTIFICATE OF COMPLIANCE

I hereby certify that this Response Brief is in compliance with Local Rule 7.1(d)(2)(as amended). The brief's line spacing is double spaced, and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 1,413 excluding tables and certificates).

DATED November 13, 2013.

By: /s/ Michael Donahoe
Michael Donahoe
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2013, a copy of the foregoing document was served on the following persons by the following means:

  __1__    CM-ECF

  __2__    Mail

1. CLERK, UNITED STATES
   DISTRICT COURT

1, 2. Kris McLean
   Assistant United States Attorney
   P.O. Box 8329
   Missoula, MT 59802
       Counsel for the United States of America

1, 2  Zeno Baucus
   Assistant U.S. Attorney
   901 Front Street, Suite 1100
   Helena, MT 59626-1100
   Counsel for the United States


                    /s/ Michael Donahoe
                    FEDERAL DEFENDERS OF MONTANA