ZENO B. BAUCUS
KRIS A. MCLEAN
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: zeno.baucus@usdoj.gov
      kris.mclean@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 13-37-M-DWM |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL GOVERNMENT TO IDENTIFY ALL EVIDENCE IT ITNENDS TO INTRODUCE AT TRIAL** |
| vs. | |
| JORDAN LINN GRAHAM, | |
| Defendant. | |

# INTRODUCTION

The United States of America, by and through Zeno B. Baucus and Kris A. McLean, Assistant United States Attorneys for the District of Montana, hereby submits its response to defendant's "Opposed Motion to Compel Government to Identify All Evidence it Intends to Introduce at Trial." Doc. 62. The defendant seeks an Order requiring the government to identify witnesses, exhibits, and evidence it intends to introduce at trial. *Id*.

This Court has already established deadlines for disclosure of witnesses and exhibits. *See* Doc. 39 at pp. 1-2. The government has and will continue to abide by those deadlines. The defendant's third request—a list of evidence the government intends to introduce at trial—is duplicative of the first two requests. The government will introduce witnesses and exhibits at trial—there is no other evidence to disclose. This Court has already established deadlines for Graham's requests. Her motion should be denied.

# ARGUMENT

The defendant asks this Court to order the government to

disclose witnesses and exhibits it intends to introduce at trial. Doc. 62 at 1. Her argument is premised on principles articulated in *United States v. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc). She argues that the District Court has the authority to enter pretrial case management and discovery orders designed to ensure the effective administration of justice. Doc. 63 at p. 3.

The government does not dispute the Court's prerogative in this case to manage its pre-trial schedule in the course of the fair administration of justice. This Court has already issued an Order outlining deadlines and disclosure parameters for exhibits and witness lists. *See* Doc. 39. Those items constitute the evidence the government anticipates introducing at trial.

First, the Court ordered disclosure of the government's witnesses by October 18, 2013. Doc. 39 at p. 1. The government adhered to that Order and disclosed a witness list on that date. Second, the defendant seeks an Order requiring the government to produce all exhibits it intends to introduce at trial. Doc. 63 at p. 3. The Court has already established a deadline for such disclosure, ordering that exhibits are to be organized in a loose leaf binder and submitted to the Court

immediately prior to trial.  Doc. 39 at p. 6.  The government will strictly comply with that Order and simultaneously provide a copy to the defendant.

Lastly, the defendant seeks an Order requiring the government to disclose all evidence it intends to introduce at trial.  Doc. 62 at p. 1.  The government intends to introduce witnesses and exhibits at trial.  Therefore, Graham's third request is duplicative of her first two requests.  The government is cognizant of and committed to its discovery responsibilities under the law, but is not legally required to itemize its case or the defendant's case.  *See United States v. Abonce-Barrera*, 257 F.3d 959, 970 (9th Cir. 2001) ("*Brady* does not create any pre-trial discovery privileges not contained in the Federal Rules of Criminal Procedure.").  The defendant identifies no case law or statute requiring the government to set out its case-in-chief in detail prior to trial.  There is nothing else to provide, beyond any pending evidence—which will be disclosed promptly upon receipt.

As an aside, the defendant criticizes the volume of discovery in this case.  Doc. 63 at p. 2.  As the Court and the defendant know, the government has an ongoing discovery obligation pursuant to Rule 16,

*Brady* and *Giglio*, and the Jencks Act, which it will continue to fulfill. *See* Fed. R. Evid. 16; *Brady v. Maryland*, 373 U.S. 83 (1967); *Giglio v. United States*, 405 U.S. 150, 154 (1972); 18 U.S.C. § 3500. This is a complex murder case involving multiple agencies and voluminous documentary, electronic, and physical evidence. The government has promptly disclosed additional evidence in this case. Above-captioned government counsel has been in in continuous contact with defense counsel regarding any additional and outstanding evidence.

In conclusion, this Court has already done what the defendant is asking for. It has established deadlines for witness and exhibit list disclosure—the very items constituting the government's anticipated evidence against the defendant at trial.

The defendant's motion should be denied.

DATED this 14th day of November, 2013.

                                          MICHAEL W. COTTER
                                          United States Attorney

                                          */s/ Zeno B. Baucus*
                                          Assistant U.S. Attorney
                                          Attorney for United States

# CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. LR 7.1(d)(2) and CR 12.1(e), the attached Response to Defendant's Motion to Compel Government to Identify all Evidence it Intends to Introduce at Trial is proportionately spaced, has a typeface of 14 points or more, and the body contains 689 words.

*/s/ Zeno B. Baucus*
Assistant U.S. Attorney
Attorney for United States
