ZENO B. BAUCUS
KRIS A. MCLEAN
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: zeno.baucus@usdoj.gov
       kris.mclean@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 13-37-M-DWM |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE IN OPPOSITION TO MOTION TO PRODUCE** |
| JORDAN LINN GRAHAM, | |
| Defendant. | |

The United States of America, by and through Zeno B. Baucus and

Kris A. McLean, Assistant U.S. Attorneys for the District of Montana,

1

hereby responds in opposition to Defendant Jordan Linn Graham's Opposed Motion to Produce. Doc. 70.

Defendant seeks an order directing the United States to produce FBI Agent Stacey Smiedala's personnel file, training manuals, and Curriculum Vitae. She asserts that those "requested materials fall within the ambit of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972); and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991)[.]" Doc. 71 at 2. She also believes her ability to effectively confront Agent Smiedala requires the production. Her motion is vague and overbroad and should be denied.

The government is keenly aware of its discovery obligations under Rule 16, *Brady*, *Giglio*, *Henthorn*, and the Jencks Act. Those obligations apply in every case and impose a continuing duty on the United States. The government has produced discovery in this case on ongoing basis and will continue to do so. The search for responsive material will include an examination of the personnel files of federal law enforcement officers who will be called as trial witnesses – including Agent Smiedala – and the production of information contained in those

files that falls under any of the rules of discovery, particularly *Brady* and *Giglio*.

As the defendant seems to acknowledge in her motion, the government's obligation is to review personnel files in search of impeachment information, not to produce the entire file. *Henthorn*, 931 F.2d at 31 ("As we noted in *Cadet*, the government has a duty to examine personnel files upon a defendant's request for their production."). None of the material that Graham seeks is per se discoverable. Agent Smiedala's personnel file will be reviewed, along with the files of the other federal government agents who will testify at trial, and any *Giglio* information contained therein will be produced. The defendant is not entitled to production of the entire file. Nor is she entitled to receive training manuals or the agent's CV. Those materials do not contain *Brady* or *Giglio* information, do not qualify as statements under the Jencks Act, and are not otherwise discoverable under Rule 16. The government has already produced Agent Smiedala's report, which summarizes his interview of Graham, and will produce any *Giglio* information that exists in his personnel file (or anywhere else). By law, that is all she is entitled to receive.

The defendant's request for Agent Smiedala's personnel file, training manuals, and CV is vague and overbroad. And it is particularly misplaced when viewed in light of her general complaint about the volume and scope of the government's production in this case.

For the foregoing reasons, Graham's Opposed Motion to Produce should be denied.

DATED this 14th day of November, 2013.

MICHAEL W. COTTER
United States Attorney

*/s/Zeno B. Baucus*
Assistant U.S. Attorney
Attorney for United States

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. LR 7.1(d)(2) and CR 12.1(e), the Response in Opposition to Motion to Produce is proportionately spaced, has a typeface of 14 points or more, and the body contains 461 words.

*/s/Zeno B. Baucus*
Assistant U.S. Attorney
Attorney for United States