ZENO B. BAUCUS
KRIS A. MCLEAN
Assistant U.S. Attorneys
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: zeno.baucus@usdoj.gov
      kris.mclean@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 13-37-M-DWM |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO CONTINUE** |
| JORDAN LINN GRAHAM, | |
| Defendant. | |

     The United States by and through Assistant United States

Attorneys, Zeno B. Baucus and Kris A. McLean, hereby files its Reply to

1

Defendant's Response to Government's Motion to Continue. The government respectfully submits that this Court grant its Motion to Continue.

## A. The Ends of Justice, the Public Interest, and Effective Preparation of Counsel All Favor Granting the Continuance.

The United States submits that not granting such motion would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Granting the motion would further be in the best interests of the public (and the victim), *id.* at (7)(A), and would allow for the effective preparation of counsel. *Id.* at (7)(B)(iv).

The government submits that it is in the best interest of the public and the victim to grant the continuance. As this Court is fully aware, this particular case in not a typical case where the general public is the victim such as a Social Security fraud case, a drug case, or an illegal re-entry of a previously deported alien. Here, there was an actual victim who was pushed over a cliff and died. There are family members of the victim who are left to mourn the loss of their loved one. The public interest in this case is most acutely represented by interests of the deceased victim and his family. Accordingly, the interests of justice

are heighted in this case.[1]

Next, there is also the competing right of the defendant to a speedy trial. She now claims that her speedy trial right is implicated. Yet only several weeks ago, defendant represented to the Court that she needed more time to prepare for trial at the Scheduling Conference. Doc. No. 38. Both the defendant and her counsel signed and filed a waiver of her speedy trial rights and essentially represented to the Court that there would be no prejudice in extending the trial date to February 2014. *Id*. But she now claims that her signed speedy trial waiver, Doc. 38, is no longer valid. Def. Resp. at 6-7. Regardless of whether the waiver was somehow nullified because the "Court rejected the parties' suggestion for a February 2014 trial", *id.* at 7, defendant can hardly now claim prejudice by extending the trial to February 2014. Indeed, defendant points to no prejudicial effect that would come to her by the reasonable and short two month extension.

Third, as the Court has pointed out, at first blush this case appears

---

1 Indeed, the legislative history recommending passage of the Speedy Trial Act, states that "the right to a speedy trial belongs not only to the defendant, but to society as well." H.R. Rep. 93-1508, at 15 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7401, 7408. In this case there exists a strong public interest which favors a reasonable continuance.

to be fairly straight forward.   As the Court stated, there were only two people on the cliff that day—one of whom is now dead and cannot testify about the events that occurred.   The other has a Fifth Amendment right not to testify.   As a result, the government must prove the defendant's mental state through other circumstantial evidence and testimony.   As the Ninth Circuit has stated, "[t]he knowledge or purpose with which an act is committed being a mental state, is incapable of being proved by direct evidence, and proof thereof is permitted by indirect or circumstantial evidence, which means proof by rules of law, denominated inferences and presumptions."   *McKenzie v. Risley*, 842 F.2d 1525, 1562 (9th Cir. 1988).   The circumstantial proof of the defendant's mental state will come from multiple sources including law enforcement investigative agents, text messages, video surveillance, other testimony from associates of the defendant, and the defendant's own actions after the crime which evidence her guilty mind.   Together this evidence will show that the defendant had the motive and the intent to kill the victim when she stood on the cliff that day.

   The government needs time to effectively prepare and organize this evidence into a presentable and understandable manner for the

jury's consideration. It is in the interests of justice to give the government sufficient time to prepare so the jury will have a clear picture as to what the defendant was thinking before and after the crime. What the defendant was thinking as she pushed the victim over the cliff will be the ultimate issue in this case. For the jury to faithfully fulfill this duty of looking inside the defendant's mind at the time of the crime will require its consideration of all the relevant and admissible evidence.

    **B.    It is Because of the Government's Diligence that a Continuance is Justified.**

The Defendant contends that the "government has not been diligent" and, as a result, it should not be "rewarded" by a continuance. This argument misses the mark and completely fails to appreciate the why a continuance is in the best interests of justice.

When the cloth was recovered from the crime scene law enforcement was in the throes of an active, on-going investigation. It was an investigation that involved at least four different agencies, almost one hundred potential witnesses, many pieces of physical evidence, and thousands of pages of documentary information. Law

enforcement has engaged in a herculean task and to suggest a lack of diligence does not paint an accurate picture. In fact, it was the *efforts* of law enforcement that connected the cloth as a potential piece of relevant evidence in the first place.

The Defendant ignores this, and instead focuses on what the government did not or did raise at the October 15, 2013, pre-trial conference. Doc. No. 84 at 4. As quoted by the Defendant's response, the United States posited that it would "work with defense" counsel concerning the production of any scientific or expert reports. *Id*. Indeed, throughout discovery the United States has worked to keep defense counsel apprised of productions and, as soon as it learned on October 25, 2013, that DNA testing may extend past the deadline, it contacted defense counsel to alert them of this. As such, the United States respectfully submits that a continuance is justified. *See e.g., United States v. Drapeau*, 978 F.2d 1072, 1073 (8th Cir. 1992) (affirming eight week continuance requested by the government and opposed by the defendant in order to conduct DNA testing).

DATED this 14th day of November, 2013.

>MICHAEL W. COTTER
>United States Attorney
>
>*/s/Zeno B. Baucus*
>Assistant U.S. Attorney
>Attorney for United States

**CERTIFICATE OF COMPLIANCE**

Pursuant to D. Mont. LR 7.1(d)(2) and CR 12.1(e), the Reply to defendant's Response to Government's Motion to Continue is proportionately spaced, has a typeface of 14 points or more, and the body contains 992 words.

>*/s/Zeno B. Baucus*
>Assistant U.S. Attorney
>Attorney for United States